COMMONWEALTH of Pennsylvania, Appellee

v.

**Christopher Thomas DIEHL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 7, 2013.

Filed Jan. 25, 2013.

Ann P. Russavage–Faust, Public Defender, Doylestown, for appellant.

James P. Barker, Office of the Attorney General, Harrisburg, for Commonwealth, appellee.

* Retired Senior Judge assigned to the Superior Court.

BEFORE: BENDER, LAZARUS and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

This case is an appeal from the order denying Appellant's petition under the Post Conviction Relief Act ("PCRA"). Appellant contends the PCRA court erred in not finding his plea/sentencing counsel ineffective and in not allowing Appellant to withdraw his guilty plea. We vacate the court's order and remand for further proceedings.

The record reveals the following facts. Charged with multiple sex-related offenses, Appellant proceeded to a guilty plea hearing. There was no agreement to a specific sentence, though the Commonwealth agreed not to seek certain mandatory penalties on two counts. During the hearing, the court advised Appellant of the maximum sentence he could receive for each charge. The longest maximum term about which Appellant was advised for any individual charge was twenty years. At no time during the plea hearing did the court, the Commonwealth or Appellant's counsel advise him of the possibility of consecutive sentences. The record contains no written colloquy or other document through which Appellant was advised of that possibility. At a later sentencing hearing, the court sentenced Appellant to consecutive penalties aggregating to not less than twenty and not more than forty years' incarceration.

Plea/sentencing counsel filed a post-sentence motion asking the court to modify the sentence on the grounds that it exceeded the sentencing guidelines and was otherwise inappropriate or excessive in light of various sentencing factors such as Appellant's age, maturity, education, family situation, and the offenses themselves.

Counsel's motion did not seek to withdraw the plea on the grounds that Appellant had been unaware of the possibility of consecutive penalties. Likewise, the motion did not challenge the sentence based on Appellant's unawareness of the potential for consecutive penalties. The court denied the motion.

Appellant filed a direct appeal and was represented by new counsel. On that appeal, Appellant contended, *inter alia*, that his plea/sentencing counsel was ineffective for not advising him regarding the possibility of consecutive sentences. This Court dismissed Appellant's ineffectiveness claim without prejudice so that it could be raised by Appellant in a PCRA petition. *Commonwealth v. C.T.D.*, 29 A.3d 822 (Pa.Super.2011) (unpublished memorandum at 3–4). After addressing other issues raised by Appellant, we affirmed his judgment of sentence. *C.T.D.*, 29 A.3d 822 (unpublished memorandum at 17). The Pennsylvania Supreme Court later denied Appellant's petition for allowance of appeal. *Commonwealth v. C.T.D.*, 612 Pa. 687, 29 A.3d 794 (2011).

Appellant then filed a timely, counseled PCRA petition alleging that plea/sentencing counsel was ineffective for not informing Appellant he could receive consecutive sentences, for not objecting to the plea court's failure to advise Appellant of that possibility and for not moving to withdraw Appellant's guilty plea on the basis that the plea was invalid because Appellant was unaware of the potential for consecutive sentences when he pled guilty.

The court held a PCRA hearing on Appellant's petition. At the hearing, plea/sentencing counsel's testified he never advised Appellant about the possibility of consecutive sentences or about the potential maximum penalty. Counsel also testified that, during the sentencing hearing, and within a second of Appellant having been sentenced, Appellant turned to counsel and was upset, stating, "She just gave me 20 years." N.T., 02/23/12, at 8. When Appellant did so, counsel told Appellant that he should not say anything and that counsel would "file for reconsideration" and "file an appeal." *Id.*

Also at the PCRA hearing, counsel testified that, during the plea hearing, he did not notice that the plea court failed to advise Appellant about the possibility of consecutive sentences. In fact, counsel's PCRA testimony indicated he did not realize the plea court did not tell Appellant about the consecutive-penalty possibility until PCRA counsel contacted plea/sentencing counsel.

Plea/sentencing counsel also indicated at the PCRA hearing that, because he did not recognize the plea court failed to tell Appellant about the consecutive-penalty potential, counsel never advised Appellant that the court's failure could serve as a basis to withdraw the plea. For the same reason—*i.e.*, not having noticed the colloquy lacked information about consecutive penalties—counsel never moved for plea withdrawal and did not include the consecutive-sentence issue in his post-sentence motion.

The overall thrust of counsel's PCRA testimony was that his failure to tell Appellant about the potential maximum aggregate penalty arose largely because counsel was hoping Appellant would receive a single sentence on the most serious, most recent charge.[1] Counsel also

---

1. The multiple charges covered distinct periods of time—1994, 1998 and 2002. The most serious charge was attempted involuntary deviate sexual intercourse ("IDSI"), a first-degree felony carrying a maximum incarceration of twenty years. *See* 18 Pa.C.S.A. §§ 901(a), 905(a), 1103(1), 3123(a)(7). That offense was alleged to have happened in 2002.

indicated that his hope in this regard stemmed from his focus on the fact that Appellant was a minor when some or all of the earlier offenses occurred.

Counsel also testified during the PCRA proceedings that, prior to sentencing, he expected Appellant's penalty to fall in the aggravated range of the sentencing guidelines for attempted IDSI. More particularly, counsel was roughly expecting Appellant's sentence to be incarceration with a minimum term of sixty-six months. It appears a minimum term of sixty-six months was, in fact, the aggravated range sentence for Appellant's guidelines at the count of attempted IDSI.

Appellant's PCRA testimony was largely consistent with that of his counsel. Appellant indicated that his counsel never advised him about the possibility of consecutive sentences and that Appellant otherwise did not know the court could sentence him consecutively until after the court did so. He also testified that, based on his discussions with counsel, Appellant thought he would be sentenced on one charge and he expected his sentence would possibly be three to six years' imprisonment. He testified that he would not have pled guilty had he known about the potential for consecutive sentences. He further testified that he would have sought to withdraw his plea had his plea/sentencing counsel advised him that the consecutive-sentence issue provided a basis for doing so.

Appellant also indicated he advised counsel about being upset immediately after the court imposed the incarceration of not less than twenty and not more than forty years. Appellant echoed counsel's own testimony that, when Appellant expressed concern about the sentence during the sentencing hearing, counsel advised Appellant to say nothing more and counsel would file an appropriate motion and appeal.

The PCRA court denied relief. Appellant filed this timely appeal. Herein, he argues the PCRA court erred by not finding plea/sentencing counsel ineffective for failing to seek plea withdrawal on the grounds that the plea was invalid because Appellant, unaware of the potential for consecutive sentences when he pled guilty, was sentenced to an aggregate incarceration exceeding the maximum penalty of which he was aware when he pled. Ultimately, Appellant contends the PCRA court should have allowed him to withdraw his plea.

■ We call to mind several legal principles relevant to this case. To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions with respect to that claim lacked any reasonable basis, and counsel's actions prejudiced the petitioner. *Commonwealth v. Carter*, 540 Pa. 135, 656 A.2d 463, 465 (1995).

■ To be valid, a guilty plea must be voluntary, knowing and intelligent. *Commonwealth v. Persinger*, 532 Pa. 317, 615 A.2d 1305, 1307 (1992). A plea will not be considered as having been knowing, voluntary and intelligent if the defendant's aggregate sentence exceeds the potential maximum sentence of which the defendant was advised or was otherwise aware during the plea. *Carter*, 656 A.2d at 466; *Persinger*, 615 A.2d at 1307–08. Indeed, a plea entered where the defendant later receives a sentence higher than the potential penalty of which the defendant was informed constitutes a manifest injustice. *Persinger*, 615 A.2d at 1307–08. A manifest injustice provides meritorious grounds for post-sentence plea withdrawal. *Id.*

In *Persinger*, the pleading defendant was advised of the maximum sentences for

each individual count but was not advised of the possibility of consecutive penalties. The court imposed consecutive penalties aggregating to a length exceeding the maximum for any individual count. As such, Persinger's plea was rendered invalid. *Id.*

Moreover, the failure by Persinger's counsel to file a motion to withdraw the invalid plea constituted ineffectiveness because of the following: (1) there were meritorious grounds upon which to file the motion (*i.e.,* the plea was invalid because of the inadequate advice about consecutive penalties); (2) counsel had no reasonable basis for not filing the motion; and (3) counsel's failure to move to withdraw the plea prejudiced the defendant by allowing the plea to stand instead of being withdrawn. *Id.* at 1308–09.

In *Carter,* the pleading defendant was likewise told during the plea colloquy of the maximum potential sentence for each count and, again, was not told the sentences could be run consecutively. The court imposed consecutive sentences but, unlike the situation in *Persinger,* Carter's aggregate penalty did not exceed the maximum single-count sentence of which he was aware when he pled. Because Carter was not prejudiced by the lack of accurate advice regarding his potential maximum sentence, his plea was not invalid. Thus, there were no grounds upon which to challenge plea. As such, Carter's counsel could not be deemed ineffective for failing to do so. *Carter,* 656 A.2d at 466.

We note, too, that a pleading defendant's awareness of the potential maximum sentence, including the potential for consecutive penalties, is to be assessed not just from the plea transcript/colloquy but also from the record showing the totality of the circumstances surrounding the plea. *Commonwealth v. Allen,* 557 Pa. 135, 732 A.2d 582, 589 n. 19 (1999).

■ Lastly, we also recall that we will not disturb a PCRA court's decision unless it is unsupported by the record or involves legal error. *Commonwealth v. Boyer,* 962 A.2d 1213, 1215 (Pa.Super.2008).

■ The record in this case makes plain that, before he pled guilty, Appellant was not told by the court, the Commonwealth or his counsel about the potential maximum penalty he faced by virtue of possible consecutive sentences. Twenty years' incarceration was the longest possible maximum term of which he had been advised. However, he was sentenced to incarceration of not less than twenty and not more than forty years in prison, a period exceeding the highest maximum term about which he had been informed. Accordingly, the plea proceedings were defective and did not facilitate a knowing, voluntary and intelligent plea.

While acknowledging the inadequacy of the plea proceedings, the instant PCRA court nonetheless reasoned that Appellant was aware of the potential maximum sentence when he pled guilty. The court's conclusion was in error. Along these lines, the court reasoned it was illogical for Appellant not to have realized his penalties could be imposed consecutively, largely because the offenses took place during different episodes. The PCRA court may well hold the personal view that it was illogical for Appellant not to have anticipated consecutive sentences, but such a view is legally flawed: That same view arguably could have been applied as far back as 1992 when the Pennsylvania Supreme Court found the plea in *Persinger* to be invalid—a plea that involved distinct counts of, *inter alia,* nine different bad checks charged at five separate criminal informations. However, the Supreme Court did not take the view that the defendant should have known, as a matter of

logic, that his distinct crimes could yield consecutive penalties. That is, the court did not impose on the defendant the duty to understand how Pennsylvania sentencing operates when the defendant was not properly advised on that issue. The PCRA court's reasoning that Appellant somehow should have anticipated consecutive sentences is reasoning unsupported by law.

The PCRA court also looked at plea/sentencing counsel's post-sentence motion as evidence of what Appellant knew during the plea hearing. As mentioned *supra*, counsel's motion did not allege any consecutive-sentence issue as grounds for relief. However, counsel observed in one paragraph that the Commonwealth had waived the application of mandatory sentences. Counsel then noted that those sentences "could have been run consecutive to one another." Post–Sentence Motion, 07/09/09, at 2. The court reasoned that this note by counsel showed Appellant was aware, when he pled, that his penalties could have been imposed consecutively.

There is nothing in the record leading up to or during the plea hearing that demonstrates Appellant knew the aforementioned mandatory terms or any other terms could have been imposed consecutively. It is unfair to rely on counsel's post-sentence allegation about the mandatory terms in order to extrapolate backwards and to speculate about what Appellant knew regarding sentencing law when he pled guilty.

In its opinion, the court also stated that Appellant "admitted that he had, in fact, known[n] that the court had the authority to impose the sentence that it did." Trial Court Opinion, 09/13/12, at 10. In making that statement, the court relied on one question and answer removed from the full context of the PCRA testimony. For the reasons that follow, the court's reliance was erroneous.

After testifying on direct examination that counsel never advised him about the consecutive-sentence possibility and that counsel had led him to believe the sentence would possibly be three to six years in prison, Appellant was asked the following question by his PCRA counsel:

Q: Okay. Well, obviously you knew after the guilty plea or **after you were sentenced** that you could-that you could receive consecutive sentences?

A: Well, yeah. After, yes.

N.T., 02/23/12, at 25 (emphasis added).

Appellant then went on to testify that, immediately after he was sentenced, he turned to his counsel and complained about his sentence.

Later in the PCRA hearing, the Commonwealth cross-examined Appellant and this exchange occurred:

Q: So as far as you knew—as far as you knew, [the sentence you received] was a long sentence, but the judge was allowed to do it; right?

A: Yeah.

*Id.* at 29.

It is on this last question-and-answer exchange with the Commonwealth that the PCRA court relied for its conclusion that Appellant knew, before the plea, that his sentences could be imposed consecutively. This exchange, read fairly and in context with the rest of Appellant's testimony, merely reveals that, after being sentenced, Appellant realized the court was allowed to give him such a sentence. He is not arguing otherwise. He is arguing he was unaware of the potential maximum penalty when he pled. The aforesaid exchange on which the PCRA court relied cannot fairly be taken to mean Appellant knew before

the plea that the court could impose the length of incarceration it chose.

In sum, the record does not support the conclusion that Appellant was aware, prior to or during his guilty plea, that the court could sentence him to the aggregate maximum penalty which the court imposed. The PCRA court erred factually and legally when finding Appellant did know his maximum sentencing potential.

The PCRA court also concluded Appellant was not entitled to relief because there were factors not related to sentencing that caused him to plead guilty. Along these lines, the court noted that, in apparent anticipation of pleading guilty, Appellant waived his preliminary hearing, and that the Commonwealth, expecting an eventual plea, chose not to list certain offenses in the criminal information. As further explanation of its belief as to why Appellant entered a plea instead of proceeding with a trial, the court also pointed to Appellant's likelihood of being convicted at trial, his acknowledgment of guilt at the plea hearing, and his desire, expressed at sentencing, that he did not want to put the complainant (his cousin) or his family through the trauma of litigation. The court concluded Appellant's decision to plead guilty was unrelated to what he knew or did not know about the potential penalty he could receive. In short, the court concluded Appellant was not prejudiced by his unawareness regarding the maximum penalty he could face upon pleading guilty.

▮ For the following reasons, the court's conclusion was error. As we have already explained, Appellant's lack of knowledge about his maximum sentencing exposure together with the fact that he was sentenced above the maximum exposure about which he was aware rendered his plea unknowing, involuntary and unintelligent. His plea constituted a manifest injustice. Therefore, there were meritorious grounds upon which plea/sentencing counsel should have moved to withdraw the plea. Because there were meritorious grounds for the motion, there is a reasonable probability that, had counsel filed that motion, the outcome of this case would have been different—*i.e.*, the motion would have been granted, and the plea would have been withdrawn instead of remaining as it has until now. Appellant was prejudiced by counsel's inaction. In this way, this case is like *Persinger* where the court held the appellant was prejudiced when counsel failed to move for post-sentence plea withdrawal and there were meritorious grounds to do so—specifically, the same grounds that exist here. *See Persinger,* 615 A.2d at 1308.

Accordingly, the PCRA court erred legally when focusing on some of Appellant's reasons for pleading guilty and when failing to recognize there was a reasonable probability that a post-sentence motion would have led to a different result in this case. The PCRA court thus erred in not concluding Appellant suffered prejudice for purposes of the ineffectiveness test.

Before leaving this case, we address an additional portion of the PCRA court's opinion. The court reasoned that Appellant was merely dissatisfied with his sentence and that dissatisfaction with a sentence does not provide a basis to withdraw a guilty plea. First, we have no doubt Appellant was unhappy with his sentence, just as Persinger was apparently unhappy with his. Indeed, it seems doubtful that a defendant who is happy with a sentence and plea would seek to withdraw that plea. Appellant was upset because he received twice the potential maximum term about which he had been informed—that is, twenty years more than he was told he could possibly receive. Second, it is quite true that dissatisfaction with a sentence is

not alone a basis for plea withdrawal. *Commonwealth v. Owens,* 321 Pa.Super. 122, 467 A.2d 1159, 1163 (1983). A defendant cannot engage in sentence-testing and then seek plea withdrawal merely because the defendant is unhappy with the penalty. However, this principle does not mean an unhappy defendant is not allowed to seek plea withdrawal if the plea is **otherwise** invalid.

The *Owens* case, the case cited by the PCRA court, explains that an invalid plea can be withdrawn. *Id.* The PCRA court failed to recognize that the two fundamental problems in the instant case are, first, the invalidity of the plea due to Appellant having been sentenced to a higher maximum penalty than he knew he could receive and, second, counsel's failure to challenge the invalid plea after sentencing. The record does not support the conclusion that Appellant was engaged in sentence-testing.

In conclusion, Appellant's guilty plea was invalid. There is, therefore, merit to his claim that plea/sentencing counsel should have filed a post-sentence motion to withdraw the plea. Counsel had no reasonable basis for not filing that meritorious motion. Counsel's failure to file the motion prejudiced Appellant because the outcome of this case would have been different had counsel done so. That is, the plea would not have stood but, rather, would have eventually been ordered withdrawn. Appellant's plea/sentencing counsel was thus ineffective. Furthermore, the PCRA court's decision not to find counsel ineffective and not to allow plea withdrawal was based on the factual and legal errors we have already discussed.

In light of our foregoing analysis, we vacate the PCRA court's order. We remand this case with instructions that the PCRA court enter an order finding plea/sentencing counsel ineffective and withdrawing Appellant's guilty plea. The court shall then conduct such other proceedings as are consistent with this Opinion.

Order vacated. Case remanded with instructions for trial and/or other proceedings consistent herewith. Jurisdiction relinquished.