J-S75024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL F. DRAKES | |
| Appellant | No. 733 EDA 2014 |

Appeal from the Judgment of Sentence January 31, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006408-2013

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY LAZARUS, J.:              **FILED DECEMBER 23, 2014**

Michael F. Drakes appeals from his judgment of sentence imposed on January 31, 2014 in the Court of Common Pleas of Philadelphia County after he entered a negotiated guilty plea to one count of retail theft as a misdemeanor of the first degree.  Counsel has petitioned this Court to withdraw her representation of Drakes pursuant to *Anders*, *McClendon* and *Santiago*.[1]  Upon review, we affirm Drakes' judgment of sentence and grant counsel's petition to withdraw.

In order to withdraw pursuant to *Anders* and *McClendon*, counsel must: 1) petition the Court for leave to withdraw, certifying that after a

---

[1] *Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981); and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support an appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. ***Commonwealth v. Hernandez***, 783 A.2d 784, 786 (Pa. Super. 2001). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under ***Anders***, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that she has made an examination of the record and concluded the appeal is wholly frivolous. Counsel indicates that she supplied Drakes with a copy of the brief and a letter explaining his right to proceed *pro se*,[2] or with newly-retained counsel, and to raise any other issues he believes might have merit. Counsel also has submitted a brief, setting out in neutral form two issues of arguable merit and, pursuant to the dictates of ***Santiago***, explains why she believes the issues to be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal.

---

[2] Drakes has not submitted any additional or supplemental filings to this Court.

- 2 -

Counsel having satisfied the above requirements, this Court must conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

On appeal, Drakes challenges the validity of his guilty plea and the legality of his sentence.

Drakes first claims that his guilty plea was invalid. To be valid, a guilty plea must be voluntary, knowing and intelligent. *Commonwealth v. Diehl*, 61 A.3d 265, 268 (Pa. Super. 2013). A guilty plea colloquy must include an inquiry into whether: (1) the defendant understands the nature of the charge to which he is pleading guilty; (2) there is a factual basis for the plea; (3) the defendant understands that he has the right to a jury trial; (4) the defendant understands that he is presumed innocent until found guilty; (5) the defendant is aware of the permissible range of sentences; and (6) the defendant is aware that the court is not bound by the terms of any plea agreement unless it accepts the agreement. *Commonwealth v. Shekerko*, 639 A.2d 810, 813 (Pa. Super. 1994); *see also* Pa.R.Crim.P. 590 (comment). In determining whether a defendant's plea was knowing, intelligent and voluntary, appellate courts consider the totality of the circumstances, which include the contents of both the oral and written plea colloquies. *Commonwealth v. Fears*, 836 A.2d 52, 64 (Pa. 2003).

Here, the Honorable Linda Carpenter engaged in an on-the-record colloquy with Drakes in which she advised him of the nature of the charges against him, N.T. Guilty Plea, 1/31/14, at 9; the permissible range of sentences, *id.*; the factual basis of the plea, *id.* At 12-13; that he had a right to a jury trial, *id.*; that he would be presumed innocent until proven guilty, *id.*; that by pleading guilty he would be in violation of his probation, *id.* at 10; and that she would be imposing the recommended sentence of three years' probation, *id.* at 11. Moreover, Drakes acknowledged that he completed and signed a written plea colloquy prior to the hearing. *Id.* at 6. Accordingly, Drakes' plea was entered in a knowing, intelligent and voluntary manner.

Next, Drakes asserts that his sentence is illegal. Drakes was sentenced to three years' probation for one count of retail theft (M1). The maximum possible sentence for retail theft as a misdemeanor of the first degree is five years' imprisonment. *See* 18 Pa.C.S.A. § 1104. Accordingly, Drakes' sentence of three years' probation was well within the statutory maximum and, as such, not illegal.

Judgment of sentence affirmed; petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2014