J. S50007/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOHN JAMES DURNEY, | : | No. 1547 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, August 27, 2013,
in the Court of Common Pleas of Erie County
Criminal Division at Nos. CP-25-CR-0001043-2011,
CP-25-CR-0001441-2011, CP-25-CR-0001442-2011,
CP-25-CR-0001443-2011

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED FEBRUARY 12, 2015**

Appellant appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 to 9546.  Finding no error, we affirm.

On January 2, 2012, appellant pleaded guilty to two counts of attempted kidnapping, aggravated assault, stalking, terroristic threats, and possessing an instrument of crime.  The charges arose from four separate incidents in which appellant attempted to abduct four different women in Erie from December 11, 2010 to March 27, 2011.  On March 28, 2012, the court sentenced appellant to an aggregate term of 192 to 492 months' imprisonment (16 to 41 years' imprisonment).

On April 26, 2013, appellant timely filed a counseled PCRA petition. A hearing was held on July 30, 2013, and on August 28, 2013, the PCRA court denied appellant's petition. This timely appeal followed.

Appellant raises the following issues on appeal:

[1.] WHETHER THE LOWER COURT ERRED AS A MATTER OF LAW, AND DID NOT HAVE SUPPORT IN THE EVIDENTIARY RECORD IN NOT GRANTING APPELLANT RELIEF UNDER THE POST CONVICTION RELIEF ACT ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, FOR INEFFECTIVE ASSISSTANCE [sic] OF APPELLANT'S TRIAL COUNSEL REGARDING COUNSEL'S FAILURE TO ADVISE APPELLANT OF THE POSSIBILITY THAT HIS SENTENCES ON CRIMINAL CHARGES STEMMING FROM MULTIPLE DOCKETS COULD RUN CONSECUTIVELY AND, THEREFORE, RENDERING APPELLANT'S PLEA ON MULTIPLE OFFENSES UNKNOWING, INVOLUNTARY, AND UNINTELLGENT [sic][?]

[2.] WHETHER THE LOWER COURT ERRED AS A MATTER OF LAW, AND DID NOT HAVE SUPPORT IN THE EVIDENTIARY RECORD IN NOT GRANTING APPELLANT RELIEF UNDER THE PCRA, FOR INEFFECTIVE ASSISSTANCE [sic] OF APPELLANT'S TRIAL COUNSEL REGARDING COUNSEL'S FAILURE TO TIMELY OBJECT TO THE CONTENTS OF THE "DEFENDANT'S STATEMENT OF UNDERSTANDING OF RIGHTS PRIOR TO GUILTY/NO CONTEST PLEA" WHICH FAILED TO CLEARLY MAKE APPELLANT AWARE OF THE POSSIBILITY OF HIS SENTENCES RUNNING CONSECUTIVELY ON MULTIPLE DOCKETS OR DURING THE PLEA COLLOQUY IN WHICH THE COMMONWEALTH FAILED TO WARN APPELLANT OF THE SAME AND THEREFORE RENDERING APPELLANT'S PLEA ON MULTIPLE OFFENSES UNKNOWING, INVOLUNTARY, AND UNINTELLGENT [sic][?]

[3.] WHETHER THE LOWER COURT ERRED AS A MATTER OF LAW, AND DID NOT HAVE SUPPORT IN THE EVIDENTIARY RECORD IN NOT GRANTING APPELLANT RELIEF UNDER THE PCRA, FOR INEFFECTIVE ASSISSTANCE [sic] OF APPELLANT'S TRIAL COUNSEL REGARDING COUNSEL'S FAILURE TO FILE A TIMELY POST-SENTENCE MODIFICATION MOTION OR APPEAL UPON APPELLANT'S REQUEST[?]

[4.] WHETHER THE LOWER COURT ERRED AS A MATTER OF LAW, AND DID NOT HAVE SUPPORT IN THE EVIDENTIARY RECORD IN NOT GRANTING APPELLANT RELIEF UNDER THE PCRA, FOR INEFFECTIVE ASSISSTANCE [sic] OF APPELLANT'S TRIAL COUNSEL REGARDING COUNSEL'S FAILURE TO FILE A PRE-TRIAL SUPPRESSION MOTION ADDRESSING APPELLANT'S INVOLUNTARY STATEMENTS MADE TO POLICE WHEN APPELLANT INFORMED THE OFFICERS THAT HE WISHED TO HAVE COUNSEL PRESENT DURING HIS INTERROGATION[?]

Appellant's brief at 3.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.***

Moreover, as appellant's issues on appeal are stated in terms of ineffective assistance of counsel, we also note that appellant is required to

make the following showing in order to succeed with such a claim: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa.Super. 2010). The failure to satisfy any prong of this test will cause the entire claim to fail. **Commonwealth v. Daniels**, 947 A.2d 795, 798 (Pa.Super. 2008). Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. **Commonwealth v. Pond**, 846 A.2d 699, 708 (Pa.Super. 2003).

Preliminarily, we note that both appellant and trial counsel, Michael J. Antkowiak, Esq., testified at the PCRA hearing. The PCRA court has made an on-the-record finding that the testimony of appellant was not credible and that the testimony of Attorney Antkowiak was both credible and supported by the plea colloquy. (Trial court opinion, 8/28/13 at first page.)[1] We are bound by the credibility determinations of the court where they are supported by the record. **Commonwealth v. Stewart**, 84 A.3d 701, 711 (Pa.Super. 2013), **appeal denied**, 93 A.3d 463 (Pa. 2014). Consequently, we cannot accept appellant's account and must accept Attorney Antkowiak's testimony in resolving appellant's issues on appeal.

---

[1] The pages of the trial court opinion are unnumbered.

In his first two issues, appellant raises related claims of trial counsel's ineffectiveness. First, he claims that trial counsel failed to advise him that the sentences from separate criminal dockets could be imposed consecutively, thus rendering his plea unintelligent. Second, appellant argues that counsel was ineffective in failing to object to the written plea colloquy (Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea) because it failed to properly advise appellant that his sentences could be imposed consecutively. Finally, contained within the parameters of these contentions is a claim by appellant that trial counsel repeatedly assured him that he would receive a sentence of 3½ to 7 years' imprisonment.

Attorney Antkowiak testified that he never made appellant any promise in regard to his sentence and he specifically disavowed having promised him a sentence of 3½ to 7 years' imprisonment. (Notes of testimony, 7/30/13 at 27.) Attorney Antkowiak also testified that appellant was "absolutely" aware that the maximum possible penalty was 75 years' imprisonment and that he did nothing to discourage that belief. (*Id.* at 29.) Attorney Antkowiak also stated that he never told appellant that he did not have to worry about the 75-year maximum. (*Id.* at 28.) In point of fact, Attorney Antkowiak specifically informed appellant that he was likely facing consecutive sentences. (*Id.* at 32.)

As for the written plea colloquy, we note that it plainly states the following at paragraph 4:

> 4.    I understand that the maximum sentence for the crime(s) to which I am pleading guilty/no contest is **AT DOCKET 1043 of 2011: COUNT 1: $25,000/20 YEARS; DOCKET 1441 of 2011: COUNT 1: $10,000/5 YEARS, COUNT 2: $10,000/5 YEARS, COUNT 3: $10,000/5 YEARS; DOCKET 1442 of 2011: COUNT 1: $25,000/20 YEARS; DOCKET 1443 of 2011: COUNT 2: $25,000/20 YEARS**
> **TOTAL: $105,000/75 YEARS**

Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea, paragraph 4 (emphasis in original).

Thus, the written plea colloquy clearly alerted appellant to the fact that his maximum sentencing exposure was 75 years' imprisonment. The 75-year total could not be achieved unless all of appellant's individual sentences at the various docket numbers were run consecutively. Appellant admitted at the PCRA hearing that the written plea colloquy stated that he faced a total sentence of 75 years' imprisonment. (Notes of testimony, 7/30/13 at 16.) However, appellant claimed that counsel told him he did not have to worry about the maximum because he was pleading guilty. (**Id.**) We find that the written plea colloquy effectively informed appellant that his

- 6 -

sentences could be run consecutively and there was no basis for counsel to object to it.[2]

Finally, we find appellant's reliance on **Commonwealth v. Diehl**, 61 A.3d 265 (Pa.Super. 2013), **appeal denied**, 77 A.3d 1258 (Pa. 2013), to be misplaced. In **Diehl**, the defendant was informed as to the maximum sentence he faced at each criminal count, the longest of which was 20 years, but he was never informed that the sentences could be imposed consecutively and never was informed as to the possible maximum sentence. After pleading guilty, the defendant was sentenced to consecutive sentences totaling 20 to 40 years' imprisonment. Under these circumstances, this court found that the plea proceedings were defective and did not facilitate a knowing, voluntary, and intelligent plea. Unlike **Diehl**, in this case appellant was informed as to the maximum possible sentence he faced and the written plea colloquy indicated that the individual sentences could be aggregated. Consequently, **Diehl** offers appellant no support.

In his third issue, appellant argues that counsel was ineffective in failing to either file a post-sentence motion or a direct appeal.

---

[2] We note in passing that during the oral plea colloquy, the assistant district attorney may have inadvertently transposed the numbers as to the maximum sentence appellant faced because she stated that appellant faced a maximum of "fifty-seven" years' imprisonment. (Notes of testimony, 1/9/12 at 9.) We see no prejudice to appellant. Appellant testified at the PCRA hearing that he was aware of the 75-year maximum, he was sentenced to less than 57 years also, and he does not complain of this error on appeal.

Attorney Antkowiak testified that after sentencing, he never had any conversation with appellant regarding filing either a post-sentence motion or an appeal. (Notes of testimony, 7/30/13 at 29.) Likewise, Attorney Antkowiak also stated that appellant's mother, through whom appellant sometimes communicated, had not requested either a post-sentence motion or appeal. (*Id.* at 29-30.)

> "Before a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." *Commonwealth v. Knighten*, 742 A.2d 679, 682 (Pa.Super.1999), *appeal denied*, 563 Pa. 659, 759 A.2d 383 (2000).
>
> The rule set out by *Knighten* was subsequently modified by more recent decisions, particularly *Roe v. Flores–Ortega*, 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and its Pennsylvania expression, *Commonwealth v. Touw*, 781 A.2d 1250, 1254-1255 (Pa.Super.2001). These cases impose a duty on counsel to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason for counsel to think that a defendant would want to appeal. The failure to consult may excuse the defendant from the obligation to request an appeal under *Knighten*, such that counsel could still be found to be ineffective in not filing an appeal even where the defendant did not request the appeal.
>
> Pursuant to *Flores–Ortega* and *Touw*, counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

***Commonwealth v. McDermitt***, 66 A.3d 810, 814-815 (Pa.Super. 2013).

In his appellate brief, appellant makes no mention of the concerns addressed by ***Knighten***, ***Flores-Ortega***, or ***Touw***, and puts forth no relevant discussion thereon. Rather, appellant simply argues that he was entitled to a post-sentence motion or direct appeal because he requested them. As noted earlier, the PCRA court's credibility determinations require us to accept Attorney Antkowiak's account that appellant never requested a post-sentence motion or appeal. Thus, appellant needed to discuss and demonstrate that Attorney Antkowiak failed to meet his duty to consult. Appellant's brief is silent in this regard. Consequently, we find that appellant has waived this argument through inadequate briefing. ***Commonwealth v. Fletcher***, 986 A.2d 759, 785 (Pa. 2009) (failure to provide adequate discussion and citation to authority waives issue).

In his fourth and final issue, appellant asserts that trial counsel was ineffective in failing to file a suppression motion where police continued to take statements from appellant after he had requested an attorney. Appellant's argument in this regard is specious. At the PCRA hearing, appellant was shown a police form signed by him waiving his ***Miranda*** rights.[3] (Notes of testimony, 7/30/13 at 21-22.) Appellant admitted that the police read him his rights both times they interviewed him and that he waived his rights and wished to talk to the police. (***Id.***) Moreover, appellant

---

[3] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

also admitted that he never told trial counsel that the police continued to question him after he requested an attorney. (*Id.* at 8.)  Thus, there was no suppression issue because appellant waived his ***Miranda*** rights, and trial counsel was never made aware of any potential suppression issue.  Clearly, there is no basis for an ineffectiveness claim under these circumstances.

Accordingly, having found no error in the issues raised on appeal, we will affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/12/2015