J-S18017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PETER MOBLEY, | |
| Appellant | No. 1348 EDA 2014 |

Appeal from the Judgment of Sentence entered June 30, 2008,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-1207921-2004

BEFORE:  BENDER, P.J.E., ALLEN, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MARCH 23, 2015**

Peter Mobley ("Appellant") appeals from the judgment of sentence imposed after he pled guilty to one count of attempted murder.[1]  We affirm.

The pertinent facts and procedural history are as follows:  The Commonwealth charged Appellant at two separate docket numbers after he fired multiple gunshots at Philadelphia Police Officers James Crown and Michael Trask.  Each docket charged multiple crimes involving one of the police officers.  At issue in this appeal is the docket involving Officer Crown.

Appellant proceeded to a jury trial at both docket numbers.  On April 11, 2008, the jury convicted Appellant of aggravated assault with respect to Officer Crown, as well as multiple firearm and weapons violations.  The jury

_____

[1] *See* 18 Pa.C.S.A. §§ 903 and 2501.

deadlocked on the other charges, including attempted murder with respect to both officers and aggravated assault as to Officer Trask.

On April 28, 2008, rather than face retrial for the attempted murder of both officers, Appellant entered into an open guilty plea to attempted murder of Officer Crown and, at a separate docket, to the aggravated assault of Officer Trask. In exchange, the Commonwealth agreed to dismiss all remaining charges at both dockets.

On June 30, 2008, the trial court sentenced Appellant for his guilty pleas at both dockets. Relevant to the instant appeal, the trial court imposed a mitigated range sentence of nine to eighteen years of incarceration for the attempted murder of Officer Crown. *See* N.T., 6/30/08, at 5.[2]

On December 6, 2014, following the grant of post-conviction relief, Appellant filed a *nunc pro tunc* post-sentence motion to withdraw his guilty plea. Within this motion, Appellant claimed that his guilty plea was not knowing and voluntary solely because plea counsel "contacted [Appellant] and promised him that he could guarantee a sentence of no more than 7½

_____

[2] As to the other convictions from Appellant's earlier jury trial at this docket, the trial court imposed concurrent sentences, except for a two and one-half to five year consecutive sentence for a firearm violation. *See* N.T., 6/30/08, at 6-8. In addition, with regard to the aggravated assault of Officer Trask, the trial court imposed a consecutive six to twelve year sentence. Thus, Appellant's aggregate sentence from both dockets is seventeen and one-half to thirty-five years of imprisonment.

to 15 years, concurrent with any other sentences if he pled open[.]" Post-Sentence Motion, 12/6/13, at ¶ 6. On February 28, 2014, the trial court denied Appellant's motion. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises a single issue:

> I. Whether the trial court erred by denying [Appellant] the right to withdraw his guilty plea because the guilty plea was not knowing and voluntary.

Appellant's Brief at 2. In support of this claim, Appellant asserts that he "was not advised of the correct sentencing guidelines at the time of the plea" and that he "was not advised that the sentences could be imposed consecutively." *Id.* at 9.

Before considering the merits of Appellant's claim, we must first determine whether it is properly before us. Appellant did not raise the above arguments as grounds to withdraw his guilty plea in his post-sentence motion. Rather, Appellant first raised his claim in his Pa.R.A.P. 1925(b) statement. Thus, the claim is being raised inappropriately for the first time on appeal. *See* Pa.R.A.P. 302(a); *Commonwealth v. Sanchez*. 36 A.3d 24, 42-43 (Pa. 2011) (explaining that an issue raised for the first time in a Pa.R.A.P. 1925(b) statement generally results in waiver).

Even if Appellant had properly preserved his claim, he would not be entitled to relief. "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest

injustice before withdrawal is justified." ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa. Super. 2008) (citation omitted). A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently. ***Id.***

As this Court has summarized:

> Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered.

***Commonwealth v. Fluharty***, 632 A.2d 312, 314 (Pa. Super. 1993) (citation omitted).

Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a guilty plea be offered in open court, and provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. As noted in the Comment to Rule 590, at a minimum, the trial court should ask questions to elicit the following information:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
> (2) Is there a factual basis for the plea?
> (3) Does the defendant understand that he or she has the right to trial by jury?
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?

> (5)    Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6)    Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.[3]

This Court has further summarized:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences.  This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea.  Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) (quoting ***Fluharty***, 632 A.2d at 314-15)).

Finally, when addressing an appellate challenge to the validity of a guilty plea:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing.  He bears the burden of proving otherwise.

---

[3] The Comment to Rule 590 includes a seventh proposed question that is only applicable when a defendant pleads guilty to murder generally.

*       *       *

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*       *       *

[A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Yeomans*, 24 A.3d at 1047 (quoting *Commonwealth*

*v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2003)).

In rejecting Appellant's initial claim regarding the validity of his plea,

the trial court explained:

In the instant case, based on the totality of the circumstances, [Appellant's] plea was entered into knowingly, intelligently and voluntarily. Before [Appellant] pled guilty, the Commonwealth stated that [Appellant's] prior record score was four; at sentencing, the Commonwealth stated that the pre-sentence report indicated that [Appellant's] prior record score was a five. (N.T. 4/28/08, at 4-5; N.T. 6/27/08 at 5-7). At the time of sentencing, however, [Appellant] not only was present when the updated prior record score was announced, but defense counsel stated on the record that, "Your Honor, we received the presentence report and prior record score. I've reviewed that with [Appellant], and we're ready to go forward today." (N.T. 6/27/08 at 9). Thus, [Appellant] was properly advised of his actual prior record score and sentencing guidelines before imposition of sentence. Had [Appellant] desired to withdraw his guilty plea before

sentencing, he could have easily made a motion to do so then. Instead, he elected to move forward. As [Appellant's] correct prior record score was used to arrive at [his] sentence, his claim that his guilty plea was invalid is without merit.

Furthermore, [Appellant] entered his guilty plea voluntarily, knowingly and intelligently. This Court engaged in an extensive colloquy of [Appellant]. (N.T. 4/28/08, at 21). [Appellant] signed two guilty plea colloquy forms acknowledging his guilt for the Aggravated Assault of Officer Trask, as well as [the] Attempted Murder of Officer Crown. The forms advised [Appellant] of the plea agreement terms and the rights that he would forgo by entering the plea, including that he was presumed innocent until proven guilty, that he had a right to a trial by judge or jury and that he was entitled to a defense. The form also informed [Appellant] that he was aware that the judge is not bound by the terms of any plea agreement. Moreover, [Appellant] acknowledged that, by signing the form, he was not threatened or forced to plea, he was satisfied with his [legal] representation, and the facts and elements of the crime would be read to him.

In addition to the forms, this Court conducted an oral colloquy during which the Commonwealth stated the terms of [Appellant's] open plea agreement, and [Appellant] agreed to those terms. (*Id.* at 3-4). This Court then confirmed that [Appellant] willingly and competently signed the guilty plea form or forms and informed [Appellant] of his limited appeal rights. (*Id.* at 8-14). In doing so, this Court confirmed that [Appellant] did not receive any promises other than those contained in the plea agreement. (*Id.* at 13). The Commonwealth read a summary of the . . . facts and circumstances surrounding the incident, and [Appellant] acknowledged that he understood those facts and offered no corrections or modifications. (*Id.* at 18-20).

Trial Court Opinion, 6/30/14, at 5-7 (citation omitted).

Our review of the certified record supports the trial court's conclusions.

Thus, Appellant's first basis for invalidating his guilty plea fails.

Appellant also claims that his guilty plea is invalid because "before he pled guilty, [he] was not told by the court, the Commonwealth or his counsel about the potential maximum penalty by virtue of possible consecutive sentences." Appellant's Brief at 9.

Our review of the record refutes Appellant's claim. In the docket at issue in this appeal, Appellant's guilty plea involved only a single count of the attempted murder of Officer Crown. Appellant was informed of the maximum possible sentence he could receive for such a conviction. *See* Written Plea Colloquy, 4/28/08. Appellant's reliance upon this Court's recent decision in *Commonwealth v. Diehl*, 61 A.3d 265 (Pa. Super. 2013), is inapt. Unlike the facts in this case, *Diehl* involved sentencing on multiple counts to which the defendant pled guilty at the same docket number. *See id.* at 266. Here, Appellant's true complaint is that he was not informed that his sentence for the attempted murder of Officer Crown could be imposed consecutive to the other charges at the same docket for which a jury convicted him earlier, as well as his aggravated assault plea involving Officer Trask at the other docket. Appellant cites no authority to support his claim.[4] As stated by the Commonwealth, "The law does not require that [Appellant]

_____

[4] For this reason, we cannot agree with the trial court's request that we remand so that it could vacate Appellant's consecutive sentence for his firearm violation at this docket. *See* Trial Court Opinion, 6/30/14, at 8. As cited *infra*, the provisions of Pa.R.Crim.P. 590 include no such requirement.

be notified of all hypothetical aggregate sentences that could result when the sentence to which he is pleading guilty is run consecutively to other convictions outside the plea deal." Commonwealth Brief at 15.

Finally, "as the law makes clear, a trial court may consider a wide array of relevant evidence [under the totality of the circumstances test] in order to determine the validity of a claim and plea agreement including, but not limited to, transcripts from other proceedings, off-the-record communications with counsel, and written plea agreements." *Commonwealth v. Allen*, 732 A.2d 582, 589 (Pa. 1999). Here, the trial court referenced comments made by Appellant's plea counsel at sentencing. It explained:

> [I]t is clear that [Appellant] was aware of [the possibility of consecutive sentences] before sentence was imposed. At the time of sentencing, when asking this Court to impose a mitigated sentence, defense counsel said, "I'm asking the Court to sentence [Appellant] to a period of incarceration in the mitigated range…I'm not asking for five to ten, Your Honor. I'm asking for the totality of the sentence, and how Your Honor wishes to structure that per charge, to the totality of the sentence being [in the] mitigated range of 102 months to 204 months..." (N.T. 6/27/08 at 24). Based on that statement, defense counsel clearly knew that the sentence could run consecutively, as defense counsel asked the judge to structure the sentence *per charge* in order to arrive at an aggregate sentence of eight and a half (8.5) to seventeen (17) years and counsel by this recommendation clearly understood that the Court could impose a sentence in excess of twenty (20) years. Otherwise, defense counsel would have been asking for a sentence close to the maximum. As defense counsel conferred with [Appellant] before sentencing, [Appellant] was likely advised that he could receive consecutive sentences exceeding twenty

years. Thus, [Appellant] could have easily withdrawn his guilty plea before the imposition of sentence.

Trial Court Opinion, 6/30/14, at 7-8.

In sum, because Appellant's claims regarding his guilty plea are waived and otherwise without merit, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2015