J-S17040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RALPH J. CARUANO, JR. | : | |
| | : | |
| Appellant | : | No. 117 MDA 2021 |

Appeal from the Judgment of Sentence Entered January 7, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0002268-2019

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                          **FILED JUNE 25, 2021**

Ralph J. Caruano, Jr. (Caruano) appeals from the judgment of sentence entered in the Court of Common Pleas of Schuylkill County (trial court) following his entry of a negotiated guilty plea to two counts of possession with intent to deliver a controlled substance (PWID), two counts of possession of a controlled substance and one count of possession of drug paraphernalia.[1]  He appeals his sentence because he is "the victim of injustice by the District Attorney's Office because they shut me out of their proffer program in such a way that I was not able to receive a lesser sentence."  (***Anders***' Brief, at 10). Counsel has filed a brief under ***Anders v. California***, 386 U.S. 738 (1967),

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), (a)(16) and (a)(32).

and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), and a petition for leave to withdraw as counsel. We grant the petition to withdraw and affirm the judgment of sentence.

## I.

## A.

The relevant facts and procedural history of this case are as follows. On November 13, 2019, while Caruano was under State Parole Supervision, Parole Agent Chris Huben found 20 packets of heroin and fentanyl at his residence during a routine search. Pottsville Bureau of Police responded to the home and issued ***Miranda***[2] warnings to Caruano. Caruano gave police consent to search the property and advised that additional heroin was in a front bedroom. Police recovered 36.89 grams of fentanyl and 0.6 grams of a heroin/fentanyl mix from the residence. Caruano admitted that a large amount of currency stored under a dresser came from the sale of narcotics and he showed police the glassine packets he used for packaging.

At the January 7, 2021 guilty plea hearing, Caruano initially expressed dissatisfaction with his plea agreement with the Commonwealth and asserted that he thought he had withdrawn it. The trial court and defense counsel addressed his concern during the following exchange:

> The Court: So you don't want to enter a plea? You want to go to trial?

_____

[2] ***Miranda* v. Arizona**, 384 U.S. 436 (1966).

[Caruano]: **No, I don't want to go to trial in the case**.

The Court: Well, you got to do one or the other. If you're not going to plead guilty, the Commonwealth still wants to prosecute the case.

[Caruano]: Yes, I understand that, Your Honor. But I thought I was getting a proffer in this case.

The Court: Getting a proffer?

[Caruano]: Yes. I had signed— I signed up for three of them.

The Court: There's a plea agreement that you signed that was presented to me for you to get 4 to 8 years in a State Correctional Facility.

[Caruano]: Yes. But after that, I put in two petitions after that then.

[Defense Counsel]: **I've explained to you numerous times that the proffers that you gave have been considered and that's what is the basis for this plea and that there is nothing further we can do based on circumstances; that the proffers you gave are being considered; you were given a break on the sentence because of those proffers that you gave; and this is as far as it goes**. So now it's either this plea or trial. . . . [The Commonwealth has] indicated that this is the offer and they're not changing it and they're not interested in any further cooperation at this time and this is where we are.

[Caruano]: I don't know. I don't know what to say.

[Defense Counsel]: But while the Judge and the Assistant District Attorney are here, I will tell you that they are not going to agree to a bail reduction and they are not interested in any further cooperation. So those things aren't going to happen at this point. And if you don't take the plea today, the offer is no longer a viable plea offer.

[Caruano]: You mean it would be revoked then?

[Defense Counsel]: Correct.

[Caruano]: Okay. I have to take it. It's the only thing I can do.

The Court: Well, it's not the only thing you can do. You can go to trial.

[Caruano]: **Yes, but I would be found guilty**.

The Court: So you're telling me that this is the—your best option? You're accepting it?

[Caruano]: Yeah, I believe I would have to then.

The Court: . . . In the process of completing [the guilty plea] petition, did you have enough time to discuss with your attorney the questions that you were answering, any possible defenses you might have, and the consequences of entering a plea of guilty? Did you have enough time to do that?

[Caruano]: Yes.

The Court: Do you have any questions that have not yet been answered to your satisfaction by your attorney?

[Caruano]: No. No, I have none.

\* \* \*

The Court: . . . The agreement that I have calls for you to get a sentence of 4 to 8 years in a State Correctional Facility with you being RRRI eligible. Is that your understanding of the agreement?

[Caruano]: Yes, it is.

The Court: Do you have any questions about anything I've gone over?

[Caruano]: No, Your Honor.

The Court: **Is it still your intent to enter a plea of guilty**?

[Caruano]: **Yes**.

(N.T. Guilty Plea, 1/07/21, at 3-8) (emphases added).

In his written plea agreement, Caruano affirmed that no one had "made any promises to [him] . . . or said anything that would induce [him] or put pressure on [him] to plead guilty[.]" (Written Guilty Plea, 12/16/20, at 4). Caruano averred that his "plea of guilty [was] being given freely and voluntarily," that he fully understood all of the agreement's terms and that he wanted to enter the plea. (*Id.* at 5-6).

## B.

The trial court accepted the guilty plea as voluntary and sentenced Caruano to four to eight years' imprisonment. This timely appeal followed. Caruano and the trial court complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b).

The trial court acknowledged Caruano's dissatisfaction with his plea agreement because he wanted to provide additional proffers to the Commonwealth in exchange for a more favorable sentence. However, the court found that the guilty plea was valid because Caruano chose to enter it after he was made fully aware of the Commonwealth's unwillingness to engage in further negotiation with him or to offer him a more favorable deal. (*See* Trial Court Opinion, 2/11/21, at 1).

On April 8, 2021, Caruano's counsel filed an *Anders* brief in which she avers the appeal is frivolous and requests permission from this Court to withdraw from representation. Caruano did not respond to counsel's *Anders* brief.

- 5 -

**II.**

**A.**

We first address counsel's petition to withdraw from representation, which must satisfy both procedural and substantive requirements. Procedurally, counsel must: 1) petition the court for leave to withdraw, stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he has the right to retain private counsel or raise additional arguments that he deems worthy of the court's attention. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013).

Counsel has complied with these procedural requirements. In the motion to withdraw, counsel states that she has reviewed the record and concluded that the appeal is frivolous. (**See** Petition to Withdraw as Counsel, 4/08/21, at 1). Counsel certifies that she sent a copy of the **Anders** brief and petition to withdraw to Caruano. Additionally, counsel's letter advises Caruano of his right to retain private counsel or raise *pro se* any additional arguments he would like the Court to consider. (**See** Letter from Andrea L. Thompson, Esq. to Caruano, 4/05/21).

Regarding the substantive elements, the brief accompanying counsel's petition to withdraw must: 1) summarize the procedural history and facts of record; 2) refer to anything in the record that counsel believes arguably

supports the appeal; 3) set forth counsel's conclusion that the appeal is frivolous; and 4) state counsel's reasons for concluding that the appeal is frivolous. **See Santiago**, *supra* at 361. Counsel's **Anders** brief summarizes the factual and procedural history of this case, identifies the potential issue challenging the validity of Caruano's guilty plea, and explains the basis for her conclusion that an appeal would be frivolous. Because counsel has complied with these requirements, we "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Id.** at 355 n.5.

**B.**

As noted, the **Anders** brief challenges the validity of Caruano's guilty plea. Caruano contends that he was unfairly prevented from participating in the proffer process and that he should have been permitted to cooperate fully with the Commonwealth to receive a lesser sentence.

"To be valid a guilty plea must be voluntary, knowing and intelligent." **Commonwealth v. Diehl**, 61 A.3d 265, 268 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013) (citation omitted). The guilty plea colloquy must affirmatively show that the defendant understood what the plea entailed and its consequences, and this determination must be made by examining the totality of the circumstances. **See Commonwealth v. Davis**, 191 A.3d 883, 889–90 (Pa. Super. 2018), *appeal denied*, 200 A.3d 2 (Pa. 2019). Therefore, even if there is a "defect in the guilty plea colloquy, a plea of guilty will not be

- 7 -

deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Id.* (citation omitted).

The record reflects that Caruano was fully aware of the Commonwealth's rejection of his offer to provide additional proffers **before** he entered the plea. The trial court's extensive colloquy regarding the Commonwealth's refusal to entertain Caruano's request to cooperate further in regard to any proffers demonstrates that he entered a voluntary, knowing and intelligent plea. Defense counsel made clear that his cooperation with the Commonwealth had already been taken into consideration and that it formed the basis for his plea agreement. At the time Caruano entered the plea, he was aware of the length of the negotiated four to eight year sentence and with full knowledge of the consequences he chose to go forward. Caruano unequivocally recognized at the hearing that the plea was his best option under the circumstances of this case and expressly stated his belief that he would be found guilty if he went to trial. Caruano repeatedly indicated that he did not want to proceed to trial in this case.

Accordingly because our independent review of the record does not reveal any non-frivolous issues for our consideration and the reasons set forth in this memorandum, we affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Counsel's application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/25/2021