J-S07033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LINFORD LEROY RIEHL | |
| Appellant | No. 1060 MDA 2014 |

Appeal from the PCRA Order June 11, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004927-2011

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                         **FILED FEBRUARY 26, 2015**

Linford Leroy Riehl appeals from the order entered June 11, 2014, in the Court of Common Pleas of Lancaster County, that denied, following a hearing, his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*[1]  Additionally, present counsel has filed in this Court a motion to withdraw from representation and "no merit" letter,

---

[1] On September 18, 2012, Riehl entered a guilty plea to aggravated assault, burglary (two counts), robbery, criminal mischief, theft by unlawful taking, and two counts of criminal attempt of theft.  **See** 18 Pa.C.S. §§ 2702(a)(1), 3502(a), 3701(a)(1)(ii), 3304(a)(5), 3921(a), and 901(a), respectively.  On December 28, 2012, the trial court sentenced Reihl to an aggregate term of imprisonment of 11½ to 30 years.  Thereafter, neither a post-sentence motion nor appeal was filed.  Reihl filed this timely PCRA petition on September 10, 2013.  Present counsel was appointed and filed an amended PCRA petition on behalf of Riehl.

pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We affirm and grant PCRA counsel's motion to withdraw.

The PCRA court concisely set forth the procedural history underlying this appeal in its opinion, which we incorporate herein by reference. **See** PCRA Court Opinion, 6/11/2014, at 1–3.

Before addressing the issue identified in this appeal, we note that counsel has substantially complied with the requirements of **Turner/Finley** in requesting to withdraw as counsel. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009) (setting forth the requirements that counsel must fulfill before withdrawal on collateral appeal is permitted). Counsel has included with the motion to withdraw his letter to Reihl notifying him of his rights pursuant to **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006). Furthermore, this Court, on September 16, 2014, issued an order explaining that Riehl may respond *pro se* to the petition to withdraw, and Riehl has not responded. We therefore proceed with our independent review of the record and consider the sole issue identified in this appeal: whether Riehl "was denied his right to effective assistance of counsel when his counsel improperly and ineffectively advised him that he could do better than the Commonwealth's negotiated plea offer of not less than 3½ nor more than 7 years." **See** No Merit Letter, 9/12/2014, at 3.

With respect to a PCRA court's decision, the following principles guide our review:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations.

*Commonwealth v. Anderson*, 2010 PA Super 64, 995 A.2d 1184, 1189 (Pa.Super. 2010) (citations omitted).

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different.

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Wah*, 2012 PA Super 54, 42 A.3d 335, 338 (Pa.Super. 2012) (citations, quotation, and quotation marks omitted). "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Anderson*, 995 A.2d at 1192 (citations, quotation, and quotation marks omitted).

*Commonwealth v. Willis*, 68 A.3d 997, 1001–1002 (Pa. Super. 2013).

- 3 -

At the May 1, 2014, PCRA hearing, trial counsel testified that he did not believe the Commonwealth ever made an offer of three and one-half to seven years as a package deal.  N.T., 5/1/2014, at 4.  Trial counsel also testified that under the sentencing guidelines, on the robbery charge, the bottom of the standard range of would have been three and one-half years, but he did not recall the Commonwealth ever making such an offer.  *Id.* at 7–8.  Riehl testified that trial counsel represented to him that the Commonwealth had made him an offer of three and one-half to seven years.  *Id.* at 23.  Riehl also testified that counsel advised him that he thought Riehl might do better with an open plea.  *Id.* at 25.  Following the hearing, and the filing of briefs by the parties, the PCRA court denied relief by order of June 11, 2014.

In the opinion accompanying the order, the PCRA court thoroughly discussed (1) the applicable law attendant to ineffectiveness claims and the entry of a guilty plea, (2) the record made at the guilty plea, and (3) the testimony presented at the PCRA hearing.  *See* PCRA Court Opinion, 6/11/2014, at 3–6.  The PCRA court determined that "[o]ther than testimony by [Riehl], which was found not to be credible, there was no testimony to support [Riehl's] assertion that the Commonwealth made an offer of 3½–7 years and it is clear that [Riehl] was aware of his sentencing guidelines and what his minimum and maximum sentences could be."  *Id.* Concomitantly, the PCRA court found the testimony of trial counsel to be credible.  *Id.* at 5.

In light of the conflicting testimony presented at the PCRA hearing, we apply the following legal maxim. "The PCRA court's credibility determinations are binding on this Court, where the record supports those determinations." **Commonwealth v. Widgins**, 29 A.3d 816, 820 (Pa. Super. 2011) (citation omitted). **See also Commonwealth v. Dennis**, 17 A.3d 297, 305 (Pa. 2011) (appellate courts are required to give great deference to a PCRA court's credibility determinations and, if supported by the record, the determinations are binding on a reviewing court). Here, the PCRA court's findings and credibility determinations are amply supported by the record, and therefore we must accept them.

As the record supports the PCRA court's determinations, we agree with counsel that Riehl's claim lacks merit and the present appeal is frivolous. Accordingly, we affirm the order of the PCRA court and grant counsel's application for leave to withdraw.

Order affirmed. Application for leave to withdraw as counsel granted.

The parties shall attach a copy of the court's opinion in the event of further proceedings.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2015

- 5 -

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA  :

vs.                          :        Nos. 4927-2011

LINFORD LEROY RIEHL          :        PCRA

## OPINION

BY: KNISELY, J.                              June 11, 2014

Before the Court is Defendant Linford Riehl's petition filed pursuant to the Post

Conviction Relief Act ("PCRA").[1] In his petition, Defendant alleged that he was entitled to

PCRA relief on the basis that trial counsel was ineffective during the guilty plea process for

failing to advise Defendant to accept a guilty plea offer of 3½ to 7 years, rendering Defendant's

guilty plea involuntary. The Court held a hearing on the matter on May 1, 2014 and ordered

briefs be filed by the parties. Those briefs having been filed, the matter is now ripe for

disposition.

## BACKGROUND

On September 18, 2012, Defendant entered a guilty plea on Docket 4927-2011 to one

count of Aggravated Assault,[2] two counts of Burglary,[3] one count of Robbery,[4] one count of

Criminal Mischief,[5] one count of Theft by Unlawful Taking,[6] and two count of Criminal Attempt

of Theft.[7] During the guilty plea hearing, the Court asked Defendant if he had reviewed the

guilty plea colloquy with his counsel and if he had voluntarily signed the guilty plea colloquy

and the guilty plea slip; Defendant answered affirmatively. (N.T. Guilty Plea, 9/18/12; p. 5).

---

[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 18 P.S. §2702(a)(1).
[3] 18 Pa.C.S.A. §3502(a).
[4] 18 P.S. §3701(a)(1)(ii).
[5] 18 P.S. §3304(a)(5).
[6] 18 Pa.C.S. §3921(a).
[7] 18 Pa. C.S. §901(a).

The Court also reviewed Defendant's right to a jury trial and asked whether Defendant had discussed the facts of the case and possible defenses with his attorney; Defendant responded that they had done so. *Id.* at 7. The guilty plea colloquy and guilty plea slip were submitted to the Court and the Court accepted Defendant's plea. *Id.* at 14. A pre-sentence investigation report was ordered. *Id.* On December 28, 2012, Defendant was sentenced to 2-5 years on the aggravated assault, 3½-10 years on the burglary, 4½-10 years on the robbery, and 1½-5 years on the second burglary count. These sentences were to run consecutively to each other. Defendant did not file any appeals or challenge his guilty plea until he filed his pro se PCRA petition.

Defendant timely filed his PCRA petition on September 10, 2013 and present counsel was appointed. Counsel filed an Amended PCRA alleging that trial counsel was ineffective during the guilty plea process for failing to advise Defendant to accept a plea offer of 3½ to 7 years.

An evidentiary hearing was held on May 1, 2014. At the hearing, the defense presented two witnesses, trial counsel Cory Miller and Defendant. Attorney Miller testified that the Commonwealth never made an offer of 3½ to 7 years. (N.T. PCRA Hearing, 5/1/14, p. 4, 8). Attorney Miller testified that no information regarding a plea offer of 3½ to 7 years was ever given to Defendant. *Id.* at 14. Attorney Miller testified that he and Defendant had discussed applying for Veterans' Court and on numerous occasions discussed the opportunity for a trial versus a plea. *Id.* at 4-6. Attorney Miller further testified that he discussed the sentencing guidelines with Defendant, reviewed in detail the colloquy for the plea with possible maximums, and fully reviewed the pre-sentence investigation with Defendant. *Id.* at 10-13, 20-21. Attorney Miller also testified that it was very important to him to explain the sentencing guidelines count by count to ensure that Defendant's prior record score and the guidelines were as low as possible. *Id.* at 11-12.

2

Defendant testified that Attorney Miller told him the Commonwealth was offering a plea agreement of 3½ to 7 years, but that Attorney Miller failed to advise Defendant that such an offer was the best offer he could hope to receive. *Id.* at 23. Defendant testified that Attorney Miller told Defendant that they might do better in an open plea. *Id.* at 25. On cross-examination, Defendant testified that Attorney Miller never promised that Defendant would get a sentence better that 3½ years. *Id.* at 27. Defendant testified that he signed the sentencing guideline worksheets and plea agreement. *Id.* at 30-32. He testified that he reviewed the 7 page guilty plea colloquy for mere minutes with Attorney Miller in the holding cell prior to his guilty plea. *Id.* Defendant also testified that he reviewed the pre-sentence investigation report with Attorney Miller in the visitation room at the Lancaster County Prison prior to his plea. *Id.* at 37.

## DISCUSSION

Defendant's claim challenges the effectiveness of his trial counsel such that it caused him to enter a plea that creates a manifest injustice. It is well-established that counsel is presumed effective. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065 (1984). A PCRA petitioner bears the burden of rebutting that presumption by demonstrating that counsel's performance was deficient and that such deficiency prejudiced him. *Id.* The Pennsylvania Supreme Court divided the *Strickland* standard into three prongs, two prongs for deficient performance and one prong for prejudice. *Com. v. Koehler,* 36 A.3d 121, 132 (Pa. 2012) (citing *Com. v. Pierce,* 515 Pa. 153, 527 A.2d 973, 975 (1987)). The resulting three prongs to prove counsel ineffective are: (1) the underlying claim has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the defendant was prejudiced by counsel's act or omission. *Id.* Counsel will not be deemed ineffective if any reasonable basis exists for his actions, and, even if counsel had no reasonable basis for his actions, a defendant is not entitled to relief if he

3

fails to demonstrate prejudice. *Com. v. Diehl*, 61 A.3d 265, 268 (Pa. Super. 2013)(citing *Com v. Carter*

In claims of counsel's ineffectiveness in connection with a guilty plea, such a claim will provide a basis for relief only:

> if the ineffectiveness caused an involuntary or unknowing plea. This is similar to the 'manifest injustice' standard applicable to all post-sentence attempts to withdraw a guilty plea. The law does not require that the appellant be pleased with the outcome of his decision to enter a plea of guilty. All that must be shown is that the appellant's decision to plead guilty be knowing, voluntary and intelligently made.

*Com. v. Diaz*, 913 A.2d 871, 872 (Pa. Super. 2006)(citing *Com. v. Lewis*, 708 A.2d 497, 500-01 (Pa. Super. 1998)

The Pennsylvania Rules of Criminal Procedure mandate that a guilty plea be offered in open court, and advise that the trial court should inquire into at least six areas in order to show that the plea was voluntarily, knowingly, and intelligently entered. Pa.R.Crim.P. 590. Those six areas include: (1) Does the defendant understand the nature of the charges to which he is pleading guilty?; (2) Is there a factual basis for the plea?; (3) Does the defendant understand that he has the right to trial by jury?; (4) Does the defendant understand that he is presumed innocent until he is found guilty?; (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?; (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement? *Id.* Additionally, a defendant is bound by the statements he makes during his guilty plea colloquy and may not assert grounds for withdrawing the plea that contradict statements made when he pled. *Com. v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001).

In the instant case, Defendant's testimony at the guilty plea and at the PCRA hearing indicate the plea was voluntarily, knowingly, and intelligently entered. At the guilty plea,

4

Defendant told the Court that he reviewed the guilty plea colloquy form with his attorney. (N.T. Guilty Plea, 9/18/12, p. 5). The Court also reviewed the charges Defendant was facing and Defendant told the Court he reviewed the guilty plea slip that listed the offenses to which he was pleading guilty. *Id.* at 3, 5. The Commonwealth provided the factual basis for the plea, with which Defendant agreed. *Id.* at 8-9. The Court specifically questioned Defendant on his understanding of his right to a jury trial, the jury trial process, the right to selecting a jury, the Commonwealth's burden to prove each element beyond a reasonable doubt, and the necessity of a unanimous jury verdict; Defendant indicated that he understood all these rights. *Id.* at 6. He specifically indicated that he was entering a guilty plea as opposed to going to trial because "I don't want [the victim] to live, re-go through any memory of it. I already damaged her. She is an elderly woman who, I believe, she is 70. That's just not right." *Id.* at 10. Furthermore, he added, "I feel this is probably the best way to deal with it, so it doesn't involve people who don't need to relive this. I can bring in character witnesses here that doesn't really...that doesn't change who I am, but just – I want to get it over with," and "I know these people." *Id.* at 12. The Court reviewed all the charges faced by Defendant, including the maximum penalties for incarceration and fines. *Id.* at 3. The Court also explained to Defendant that there was mandatory minimum sentence of two years associated with one of the charges. *Id.* at 4-5. Finally, the Court reminded Defendant that he was entering an open plea and asked whether any promises had been made to him about the sentence he would receive; Defendant responded no. *Id.* at 8. Attorney Miller conveyed to the Court that he believed Defendant was entering a voluntary, knowing, and intelligent plea, and the Court accepted the plea. *Id.* at 12, 14.

At the PCRA hearing, the Court found the testimony of trial counsel to be credible. Trial counsel testified that he could not recall the Commonwealth ever making an offer of 3½-7 years as a package deal. (N.T. PCRA, 5/1/14, p. 4.) Trial counsel also testified that he and Defendant

5

would have gone through each and every charge to ensure that the prior record score was as low as possible. *Id.* at 11. Trial counsel also testified that on the robbery charge, the bottom of the standard range would have been 3½ years, but that he did not recall the Commonwealth ever making such an offer. *Id.* at 7-8. Ultimately, it was Defendant's choice to enter an open guilty plea. All the testimony indicated that Defendant reviewed and signed the sentencing guidelines sheet and that when he was asked by the Court if he understood the sentencing guidelines, he answered affirmatively. Other than testimony by Defendant, which was not found to be credible, there was no testimony to support Defendant's assertion that the Commonwealth made an offer of 3½-7 years and it is clear that Defendant was aware of his sentencing guidelines and what his minimum and maximum sentences could be. During his guilty plea, Defendant represented to the Court that he reviewed and understood the sentencing guidelines. He may not now claim the opposite. He understood there was no plea agreement and that no promises were made to him regarding sentence.

Because Defendant has failed to demonstrate that his claim has arguable merit, trial counsel will not be deemed ineffective. *Com. v. Loner*, 836 A.2d 125, 133 (Pa. Super. 2003)(citing *Com. v. Douglas*, 645 A.2d 226, 231-2)(Pa. 1994)).

Therefore, the Court enters the following:

6

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA  :

              vs.            :             Nos. 4927-2011

LINFORD LEROY RIEHL       :              PCRA

## ORDER

AND NOW, this ۱۱ day of June, 2014, having considered Defendant's petition filed pursuant to the Post Conviction Relief Act[1] on September 10, 2013, the arguments of counsel, and the evidence presented at the hearing in this matter on May 1, 2014, Defendant's petition is hereby DENIED.

Defendant is hereby advised of his right to appeal this decision within thirty (30) days from the date of entry of this Order by the Lancaster County Clerk of Courts Office. Defense counsel is directed to timely provide this Order and notice to Defendant.

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

Joshua G. Parsons
Clerk of the Courts

BY THE COURT:

HOWARD F. KNISELY
JUDGE

Attest:

Copies to:    Vincent Quinn, Esq., 1347 Fruitville Pike, Lancaster, PA 17601
                 Todd Kriner, Assistant District Attorney

---

[1] 42 Pa.C.S.A. §§ 9541-9546.