J-S59024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERTO ANTONIO VALENTIN | : | No. 497 EDA 2019 |

Appeal from the PCRA Order Entered January 16, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0008356-2013

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.: **FILED MAY 22, 2020**

The Commonwealth appeals from the order granting in part and denying in part the first Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, petition filed by Appellee Roberto Antonio Valentin. The Commonwealth argues that Appellee failed to establish that but for plea counsel's ineffectiveness, he would not have entered his guilty plea. In relevant part, the PCRA court's order stated that Appellee "shall be permitted to withdraw his guilty plea and proceed to trial as he was not advised the sentence could be imposed consecutively." Order, 1/16/19. We affirm.

We state the facts and procedural history as set forth by the PCRA court:

On April 30, 2014, Appellee[, represented by Carla Risoldi, Esq.,] pled guilty to fourteen (14) counts of acquisition by fraud and fourteen (14) counts of forgery. Additionally, Appellee pled *nolo contendere* to one (1) count of attempt of acquisition by fraud, one (1) count of criminal use of a communication facility, six (6) counts of acquisition by fraud, twenty-nine (29) counts of forgery,

two (2) counts of conspiracy to commit acquisition by fraud, and two (2) counts of conspiracy to commit forgery.

[At the plea hearing, the trial court advised Appellee of the maximum sentences he could receive, which included (1) up to fifteen years' imprisonment for acquisition by fraud, attempted acquisition by fraud, and conspiracy; and (2) up to five years' imprisonment for forgery. N.T. Guilty Plea Hr'g, 4/30/14, at 9-12. The trial court did not advise Appellee that it could impose consecutive sentences.]

On June 3, 2014, [the trial court] sentenced Appellee to undergo imprisonment for not less than five (5) years to no more than ten (10) years to be served consecutively with another term of imprisonment for not less than five (5) years to no more than ten (10) years. Appellee was placed on probation for ten (10) years to be served concurrently with his imprisonment [for an aggregate sentence of ten to twenty years' imprisonment].

On June 9, 2014, Appellee filed a post-sentence motion asking [the trial court] to reconsider Appellee's sentence. On June 27, 2014, [the trial court] denied Appellee's post-sentence motion.

PCRA Ct. Op., 6/17/19, at 1-2 (citations omitted).

Appellee did not file a motion to withdraw his guilty plea, either before or after he was sentenced. Appellee also did not file a direct appeal challenging the voluntariness of his guilty plea.

On March 31, 2015, Appellee filed a *pro se* Post-Conviction Relief Act (PCRA) petition. . . . [The PCRA court appointed PCRA counsel].

On December 15, 2017, Appellee filed a counseled [amended] PCRA petition alleging many issues but most importantly alleging (1) that counsel was ineffective for not advising Appellee of potential consecutive sentences and (2) that counsel was ineffective for failing to object to [the trial court's] defective colloquy which did not advise Appellee of the possibility of consecutive sentences. . . .

PCRA Ct. Op. at 2; *see also* Am. PCRA Pet. at ¶ 6(b).

- 2 -

On May 1, 2018, the PCRA court held a hearing, at which Appellee testified that the Commonwealth offered a six to twelve year sentence of imprisonment in exchange for pleading guilty. N.T. PCRA Hr'g, 5/1/18, at 36. According to Appellee, in deciding whether to take the plea offer, Attorney Risoldi led him to believe that he could receive a lighter sentence if he entered an open guilty plea. *Id.* at 36, 44-45.

Ultimately, Appellee decided to enter an open plea, regarding which Appellee testified:

> [PCRA Counsel]: And [at Appellee's guilty plea hearing, the trial court] didn't say these [sentences] could be run consecutively, and there's no guarantee that they're concurrent, did he?
>
> [Appellee]: No, he didn't.
>
> [PCRA Counsel]: Did [Attorney Risoldi] tell you that?
>
> [Appellee]: No.

*Id.* at 37. Appellee also testified that when the trial court subsequently imposed consecutive sentences, he was "in shock" and asked Attorney Risoldi, "What's going on?" *Id.* at 50.

The PCRA court held a second hearing on May 22, 2018, at which Attorney Risoldi testified. PCRA Ct. Op. at 2. In relevant part, Attorney Risoldi testified that she advised Appellee to accept the Commonwealth's plea bargain for a six to twelve year sentence:

> [Commonwealth]: . . . You said that -- you testified [when questioned by Appellee's PCRA counsel] that you indicated that [Appellee] was warned over and over again to take the deal.

[Attorney Risoldi]: That's correct.

[Commonwealth]: And you're referencing that six to [twelve]?

[Attorney Risoldi]: Yes.

[Commonwealth]: And who was he warned by?

[Attorney Risoldi]: By me.

[Commonwealth]: Why did you warn him?

[Attorney Risoldi]: Because each one of these drug charges, even before they added the new one, he was looking at 15 years and $250,000. And I always said, the judge could have a bad morning and fight with his wife, and then he'll sentence you consecutively.

N.T. PCRA Hr'g, 5/22/18, at 55-56.

"On January 17, 2019, [the PCRA court] granted Appellee's PCRA petition in part and denied it in part. [The PCRA court] permitted Appellee to withdraw his guilty plea and proceed to trial because Appellee was not advised that his sentence could be imposed consecutively." PCRA Ct. Op. at 2 (citations omitted). In relevant part, the PCRA court concluded that "but for counsel failing to ensure that Appellee was aware of the potential full range of his sentence, Appellee would not have entered into an open guilty plea." *Id.* at 7. The Commonwealth timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

The Commonwealth raises one issue:

Did the PCRA court err in granting Appellee post-conviction relief, in permitting Appellee to withdraw his plea and proceed to trial, on his claim that plea counsel was ineffective for failing to object to the plea court's failure to advise that he could receive consecutive sentences and/or for counsel failing [to] advise

- 4 -

Appellee of same where Appellee failed to meet his burden in establishing all three prongs of the ineffectiveness test and that plea counsel, in fact, caused an involuntary plea?

Commonwealth's Brief at 4.

The standard of review for an order granting a PCRA petition is well-settled:

When reviewing an order granting PCRA relief, we must determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. Moreover, we will not disturb the findings of the PCRA court unless those findings have no support in the certified record.

*Commonwealth v. Rivera*, 154 A.3d 370, 377 (Pa. Super. 2017) (*en banc*) (citations omitted and formatting altered). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

The Commonwealth asserts that the PCRA court should not have granted relief because Appellee failed to establish the three prongs of ineffectiveness. Commonwealth's Brief at 23. The Commonwealth begins by arguing that Appellee did not establish "that his underlying claim was of merit," and "the required prejudice." *Id.* The Commonwealth points out that "Appellee never testified or argued to the PCRA court that had he been advised by the court or counsel that the sentences could run consecutively, he would not have entered his plea and would have proceeded to trial." *Id.* at 23-24. Further, according to the Commonwealth, Appellee "never testified that he did

not, in fact, know that the sentences could run consecutively or that he believed the sentences would run concurrently . . . ." *Id.* at 24.[1]

With respect to prejudice, the Commonwealth argues that "Appellee was required to demonstrate . . . that it was reasonable probably that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." *Id.* at 26 (citation omitted and formatting altered). The Commonwealth maintains that Appellee failed to "establish this prejudice" and altered the burden of proof. *Id.*[2]

With respect to credibility, we quote from the Commonwealth's appellate brief:

> Of important note, the Commonwealth is not challenging the credibility findings of the PCRA court. However, it is unclear what credibility findings the PCRA court actually made as the court did not specifically identify same. From its Order, which denies all of Appellee's claims but one, the PCRA court apparently rejected a portion of Appellee's testimony. Nevertheless, by granting relief

---

[1] The Commonwealth contends that Appellee waived any "direct challenge to the voluntariness" of his guilty plea. Commonwealth's Brief at 24. The Commonwealth also contends that Appellee is not appealing the PCRA court's denial of relief for his claim that plea counsel was ineffective "for failing to file a direct appeal and/or adequately consult with Appellee regarding a direct appeal . . . ." *Id.* Appellee, however, has consistently couched his claim as an ineffective assistance of counsel claim. *See* PCRA Ct. Op. at 1-2; Am. PCRA Pet., 12/15/17, at ¶ 6b. The Commonwealth acknowledges this: "Appellee's challenge to his plea . . . could only be addressed[] in the context of ineffective assistance of counsel." Commonwealth's Brief at 25.

[2] Specifically, the Commonwealth cites Appellee's memorandum of law filed in the PCRA court, which according to the Commonwealth, argued "that the prejudice prong was met because PCRA counsel" was unable to establish, on the record, that she advised Appellee of the possibility of, essentially, consecutive sentences. Commonwealth's Brief at 26-27.

on the sole claim now at issue, the PCRA court presumably rejected the testimony of plea counsel wherein she testified that she had, in fact, advised [Appellee], prior to his plea, of the possibility in an open guilty plea that the sentences could run consecutively.  The PCRA court apparently accepted Appellee's testimony that counsel did not advise him of same.[fn1]

[fn1] Further, had the PCRA court accepted plea counsel's testimony that she had advised Appellee, in out-of-court discussions, of the possibility and risk of consecutive sentences, the court, presumably, would have denied relief on the instant claim. . . .

Commonwealth's Brief at 27 & 27 n.1 (citations omitted).

Notwithstanding its credibility assertions, the Commonwealth contends the PCRA court's "legal conclusions and findings" "are unsupported by the record, ignored the proper standard of determining an[] ineffective claim . . . and ignored Appellee's burden of proof."  *Id.* at 28.  The Commonwealth presents five reasons why the record, even viewed in Appellee's favor, do not support the PCRA court's findings.  *Id.*[3]

First, the Commonwealth contends that the PCRA court found that "Appellee believed he would get less time in an open plea" than the plea

_____

[3] The Commonwealth notes that after it filed its Rule 1925(b) statement, the PCRA court "added and/or expanded" its explanation for its ruling.  Commonwealth's Brief at 29 (quoting from pages 6-7 of the PCRA court's opinion); *see also id.* at 30 (stating, "Respectfully, the PCRA court's *post hoc* assessment in relying on the merits of an allegation it already rejected, presumably in an attempt to address the need to find the required prejudice prong and its lack thereof *after* the Commonwealth filed its appeal, is improper" (emphasis in original)).  To the extent the Commonwealth appears to reproach the PCRA court, we note that Rule 1925(a) specifically instructs the court to prepare an "opinion of the reasons for the order" at issue in response to the filings of the parties.  Pa.R.A.P. 1925(a)(1).

"offered by the Commonwealth, was already rejected by the . . . PCRA court."

***Id.*** at 30 (quoting from the order on appeal). "Second, in a PCRA action, neither a defective colloquy nor counsel's failure to object to same, alone, warrants withdrawal of the guilty plea." ***Id.*** at 31. Third, the Commonwealth contends that "the PCRA court's conclusion that 'but for counsel failing to ensure that Appellee was aware of the potential full range of his sentence, Appellee would not have entered into an open guilty plea,' has no support of record and Appellee never testified or offered evidence of same." ***Id.*** Fourth, the Commonwealth asserts that "the record reflects that Appellee was, at the very least, aware of the possibility of consecutive sentences." ***Id.*** at 31-32. The Commonwealth refers this Court to two recorded prison phone calls, which the Commonwealth argues established Appellee's awareness of this possibility. ***Id.*** at 32.[4, 5] Fifth and last, the Commonwealth argues Appellee is not entitled to relief under ***Commonwealth v. Persinger***, 615 A.2d 1305 (Pa. 1992), which the PCRA court relied on to grant relief.[6] ***Id.*** at 34-35.

_____

[4] The Commonwealth, however, did not ensure that the exhibit containing the recordings of the phone calls at issue was transmitted as part of the certified record. Therefore, we may not consider the calls.

[5] To the extent the Commonwealth contends Appellee never objected, filed a post-sentence motion to withdraw his plea, or sought a direct appeal, ***see*** Commonwealth's Brief at 32, the Commonwealth acknowledges that Appellee is challenging counsel's ineffectiveness. ***See, e.g.***, ***id.*** at 26.

[6] We expand on the Commonwealth's fifth claim below.

Appellee counters that the PCRA court correctly held that he suffered prejudice because of Attorney Risoldi's "failure to advise him that he could receive consecutive sentences as a result of" entering his open plea of guilty. Appellee's Brief at 16. Appellee further asserts that Attorney Risoldi was ineffective by not objecting to the trial court's colloquy, which did not raise the possibility of consecutive sentences. *Id.* "No reasonable basis," Appellee concludes, "could have existed for" Attorney Risoldi's failures. *Id.* at 16-17. After summarizing well-settled law, Appellee discusses the facts and holding of *Persinger*, *id.* at 20-21, and explains why *Persinger* is on point with the instant case. *Id.* at 22-23. Appellee explains that the record established that neither the trial court nor Attorney Risoldi advised Appellee that he could receive consecutive sentences. *Id.* at 22-23.

Appellee also argued he established prejudice because had he known he could have received consecutive sentences, he would have accepted the Commonwealth's plea offer for six to twelve years in prison. *Id.* at 24. Appellee contends that because he "did not fully understand the permissible ranges of sentences," his decision to enter a plea was "not voluntarily, knowingly, and intelligently entered," and therefore, he suffered prejudice. *Id.* at 25.[7]

---

[7] Appellee also disagrees with the Commonwealth's interpretation of his prison phone calls. Appellee's Brief at 25-27.

It is well-settled that "the PCRA provides the sole means for obtaining . . . collateral relief." **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999) (citations omitted). "Where . . . a defendant's post-conviction claims are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." **Id.** (citation omitted); **accord Commonwealth v. Judge**, 916 A.2d 511, 520 (Pa. 2007) (noting, "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent that a remedy is available under such enactment" (citation omitted)); **Commonwealth v. Fears**, 86 A.3d 795, 806 (Pa. 2014) (addressing ineffectiveness claim regarding defendant's guilty plea).

"While we recognize that the PCRA court's factual findings and credibility determinations are entitled to great deference if they are supported by the record, a PCRA court may not base its decision on speculation derived from testimony it finds credible." **Commonwealth v. Hackett**, 99 A.3d 11, 31 (Pa. 2014) (citation omitted); **see also Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (same).

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, [the petitioner] must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.*[,] there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

**Commonwealth v. Grayson**, 212 A.3d 1047, 1054 (Pa. Super. 2019) (citation omitted).

- 10 -

In **Commonwealth v. Allen**, 732 A.2d 582 (Pa. 1999), our Supreme

Court stated:

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the defendant] to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

**Allen**, 732 A.2d at 587 (footnote and citations omitted).

More recently, in **Commonwealth v. Steckley**, 128 A.3d 826 (Pa.

Super. 2015), this Court discussed **Lafler v. Cooper**, 566 U.S. 156 (2012),

which

> explained that a post-conviction petitioner seeking relief on the basis that ineffective assistance of counsel caused him or her to reject a guilty plea must demonstrate the following circumstance:
>
> > [B]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

**Steckley**, 128 A.3d at 832 (citation omitted).[8]

In **Persinger**, our Supreme Court addressed "whether the lower courts

erred in holding that trial counsel was not ineffective for failing to file a motion

---

[8] As we note below, the Commonwealth does not raise a challenge under the **Steckley** factors.

to withdraw the guilty plea because [the defendant], although informed as to the maximum sentence imposable for each count, was not informed that the sentences could be imposed consecutively." **Persinger**, 615 A.2d at 1306. Our Supreme Court also addressed the defendant's claim that his plea counsel was ineffective on direct appeal. **Id.** When **Persinger** was decided, ineffectiveness claims could be resolved on direct appeal.

> The **Persinger** Court held that plea counsel was ineffective:
>
> [The **Persinger**] Court determined that the guilty plea colloquy was defective and that the plea was not knowingly and intelligently entered because the plea transcript failed to reflect that the defendant had been informed that consecutive sentences could be imposed for his multiple convictions. The record revealed that the defendant had been informed by the court only as to the permissible range of sentence for each offense, but not that the sentences could be imposed consecutively. Thus, this Court held that a defendant must be informed that consecutive sentences could be imposed in order for a plea to be deemed voluntarily, knowingly and intelligently entered.

**Commonwealth v. Allen**, 732 A.2d 582, 588 (Pa. 1999) (summarizing **Persinger**).

Subsequently, in **Commonwealth v. Carter**, 656 A.2d 463 (Pa. 1995), our Supreme Court addressed on direct appeal whether the defendant's trial counsel was ineffective by failing to object to a defective *nolo contendere* plea because the defendant "was not informed that his sentences could be consecutive." **Carter**, 656 A.2d at 465. In **Carter**, the trial court sentenced defendant to two consecutive sentences of three to six years' imprisonment for multiple counts of burglary. **Id.** at 464. The record established that the

defendant was advised of the maximum sentence he could receive for each individual crime, which was twenty years' imprisonment. *Id.* at 466. The *Carter* Court concluded that although the defendant was not "informed that each of the separate sentences could be imposed consecutively," the defendant failed to establish "prejudice on the order of manifest injustice." *Id.* In denying relief, our Supreme Court reasoned as follows:

> [O]ne of the key inquiries to be made is whether [the defendant] suffered any prejudice from his trial counsel's alleged inaction. Unquestionably, under these circumstances where the aggregate sentence falls within the minimum and maximum sentence that can be imposed on a single count of the crimes charged, [the defendant] was not prejudiced for not being informed of the maximum total sentence he risked by pleading *nolo contendere*. He was advised that he risked being sentenced up to twenty years on each of his burglary counts. Instead, he received only a total of six to twelve years' incarceration. Accordingly, his trial counsel cannot be deemed ineffective for failing to object to the plea colloquy.

*Id.* at 466 (some formatting altered).

Following *Carter*, our Supreme Court in *Allen* discussed whether the holdings of *Persinger* and *Carter* applied in the context of a serial PCRA petition. *Allen*, 732 A.2d at 584. Specifically, the *Allen* Court addressed the defendant's claim that "his guilty plea was unlawful because he was not advised during the colloquy that he could be subject to consecutive sentences." *Allen*, 732 A.2d at 585. The guilty plea colloquy in question did not reflect that the defendant "was advised that the sentences could be imposed consecutively," but that at a subsequent collateral hearing, the

defendant "was aware that he could have received consecutive sentences."[9]

*Id.* at 585-86. In resolving the issue, the **Allen** Court initially stated as follows:

> It is crucial to note that **Persinger** was decided on the defendant's **direct** appeal. Thus, unlike [the defendant] herein, the [defendant] in **Persinger** was not subject to the strict burden of proof required for relief under a second PCRA petition. Here, because [the defendant]'s ineffectiveness claims are raised in the context of his second PCRA petition, [the defendant] must make a strong *prima facie* showing which demonstrates that a miscarriage of justice has taken place which no civilized society could tolerate, in order to be entitled to relief.
>
> [The defendant] has failed to make any such showing. Rather, [the defendant] asks this Court to create a *per se* rule which presumes that a miscarriage of justice has taken place whenever a plea colloquy does not contain a record of the trial court specifically informing a defendant about the possibility of consecutive sentences. For purposes of a second PCRA petition, we cannot assume that a miscarriage of justice occurs merely because the record does not indicate that the plea colloquy informed [the defendant] of the possibility for consecutive sentences.
>
> **Persinger** involved circumstances where neither defense counsel nor the trial court advised the [defendant] of the possibility of consecutive sentences before the [defendant] entered his plea.

**Allen**, 732 A.2d at 588 (citation, emphasis, and footnote omitted).

---

[9] At the collateral hearing, the defendant "acknowledged an understanding of what concurrent sentences were." **Allen**, 732 A.2d at 586 n.9. "From this, the PCRA court concluded that petitioner must have necessarily understood the meaning of consecutive sentencing since he understood the meaning of concurrent sentencing." *Id.*

The ***Allen*** Court reviewed the record and held the defendant was not entitled to PCRA relief:

> Here, [the defendant] offered portions of the record which demonstrated that the trial court failed to advise him during the guilty plea colloquy that his sentences could be consecutive in addition to his own testimony. Thus, one of the threshold inquiries the PCRA court had to make was whether [the defendant]'s testimony concerning his alleged lack of knowledge of the possibility for the imposition of consecutive sentences prior to the entry of the guilty plea was credible. **The PCRA court found that [the defendant] was not credible.**

***Id.*** at 590 (emphasis added). The ***Allen*** Court affirmed the denial of PCRA relief, holding

> that a trial court's failure to inform a defendant of the possibility of consecutive sentences during a plea colloquy does not automatically amount to a miscarriage of justice which no civilized society could tolerate for purposes of a second PCRA petition. Rather, a court shall look at the totality of the circumstances surrounding the plea to determine whether relief is warranted under the PCRA.

***Id.*** (formatting altered). Importantly, although the trial court in ***Allen*** erred, the ***Allen*** PCRA court found the ***Allen*** defendant's testimony not credible regarding his ignorance that he could be sentenced consecutively. ***Id.***

More recently, in ***Commonwealth v. Diehl***, 61 A.3d 265 (Pa. Super. 2013), the Court found the defendant's plea counsel was ineffective and reversed the PCRA court's denial of the defendant's first PCRA petition. ***Diehl***, 61 A.3d at 266. In ***Diehl***, the defendant entered an open guilty plea to multiple offenses:

> During the hearing, the court advised [the defendant] of the maximum sentence he could receive for each charge. The longest

maximum term about which [the defendant] was advised for any individual charge was twenty years. At no time during the plea hearing did the court, the Commonwealth or [the defendant's] counsel advise him of the possibility of consecutive sentences. The record contains no written colloquy or other document through which [the defendant] was advised of that possibility. At a later sentencing hearing, the court sentenced [the defendant] to consecutive penalties aggregating to not less than twenty and not more than forty years' incarceration.

*Id.*

The defendant in *Diehl* filed a PCRA petition claiming plea counsel was ineffective by

not informing [the defendant that] he could receive consecutive sentences for not objecting to the plea court's failure to advise [the defendant] of that possibility and for not moving to withdraw [the defendant's] guilty plea on the basis that the plea was invalid because [the defendant] was unaware of the potential for consecutive sentences when he pled guilty.

*Id.* at 267.

At the PCRA evidentiary hearing, plea counsel testified that "he did not recognize the plea court failed to tell [the defendant] about the consecutive-penalty potential" and therefore "the court's failure could serve as a basis to withdraw the plea." *Id.* The defendant's testimony "was largely consistent with that of his [plea] counsel." *Id.* at 268. The PCRA court denied relief, and the defendant appealed to this Court. *Id.*

Applying the holdings of both *Persinger* and *Carter*, the *Diehl* Court held that the record established that the defendant "was not told by the court, the Commonwealth or his counsel about the potential maximum penalty he faced by virtue of possible consecutive sentences." *Id.* at 269. The *Diehl*

- 16 -

Court noted that the defendant was sentenced to twenty to forty years' incarceration despite the plea court advising the defendant that twenty years' incarceration "was the longest possible maximum term." *Id.* The *Diehl* Court continued:

> [The defendant's] lack of knowledge about his maximum sentencing exposure together with the fact that he was sentenced above the maximum exposure about which he was aware rendered his plea unknowing, involuntary and unintelligent. His plea constituted a manifest injustice. Therefore, there were meritorious grounds upon which plea/sentencing counsel should have moved to withdraw the plea. Because there were meritorious grounds for the motion, there is a reasonable probability that, had counsel filed that motion, the outcome of this case would have been different—*i.e.*, the motion would have been granted, and the plea would have been withdrawn instead of remaining as it has until now. [The defendant] was prejudiced by counsel's inaction. In this way, this case is like *Persinger* where the court held the [defendant] was prejudiced when counsel failed to move for post-sentence plea withdrawal and there were meritorious grounds to do so—specifically, the same grounds that exist here.

*Id.* at 271 (citation omitted). For these reasons, because the defendant's "plea constituted a manifest injustice," *id.*, the *Diehl* Court vacated the PCRA court's order denying relief and remanded with instructions to have the PCRA court enter an order finding plea counsel was ineffective and withdrawing the defendant's guilty plea. *Id.* at 272.

We address the Commonwealth's primary argument that Appellee failed to establish his underlying claim had merit and prejudice. Commonwealth's Brief at 23. We begin by acknowledging the Commonwealth's credibility argument. *Id.* at 27 & 27 n.1. We agree with the Commonwealth's

observation that by granting relief on Appellee's "sole claim now at issue, the PCRA court presumably rejected the testimony of" Attorney Risoldi and "apparently accepted Appellee's testimony that counsel did not advise him" of the possibility of consecutive sentences. *Id.* We also agree with the Commonwealth's observation that "had the PCRA court accepted [Attorney Risoldi's] testimony that she had advised Appellee . . . of the possibility and risk of consecutive sentences, the [PCRA] court, presumably, would have denied relief on the instant claim." *Id.* Although the PCRA court did not make any explicit credibility determinations, by granting Appellee relief on his claim, the PCRA court must have presumably rejected Attorney Risoldi's testimony that she advised Appellee of the possibility of consecutive sentences. *See id.*; *see* N.T. PCRA Hr'g, 5/22/18, at 55-56; *Hackett*, 99 A.3d at 31 (recognizing that the PCRA court's credibility determinations are entitled to great deference); *Sandusky*, 203 A.3d at 1043.

Initially, the Commonwealth argues that "Appellee never testified or argued . . . that [he had] been advised by the court or counsel" of the possibility of consecutive sentences. Commonwealth's Brief at 23-24. The Commonwealth also contends that Appellee never testified that he did not know his sentences could run consecutively. *Id.* at 24. The record, however, establishes that Appellee testified that he was not informed by the trial court or plea counsel that he could have been sentenced to consecutive sentences. N.T. PCRA Hr'g, 5/1/18, at 37 (testifying that neither the trial court nor

Attorney Risoldi told him that the sentences "could be run consecutively, and there's no guarantee that they're concurrent"). Appellee asserted that he was shocked by the consecutive nature of his sentence, *id.* at 50, and, indeed, raised this claim in his PCRA petition. **See** Am. PCRA Pet. at ¶ 6b. Although Appellee never **explicitly** "testified that he was unaware that the sentences could be consecutive or . . . would run concurrently," Commonwealth's Brief at 34, Appellee stated he believed that he would receive a maximum of twelve years' imprisonment. **See** N.T. PCRA Hr'g, 5/1/18, at 44-45.

As noted above, the Commonwealth contended that Appellee failed to establish prejudice, *i.e.*, failed to demonstrate a reasonable probability that but for counsel's errors, Appellee "would not have pleaded guilty and would have gone to trial." Commonwealth's Brief at 26.[10] In support, the Commonwealth lists five reasons, which we summarized above. **See id.** at 30-35. With respect to the Commonwealth's first reason—the PCRA court rejected Appellee's belief that he would get less time in an open plea—it is not entirely clear what the Commonwealth is suggesting. The question is not whether Appellee believed he would receive less time if he accepted an open plea. The question is whether Appellee established ineffective assistance of

---

[10] As noted above, the Commonwealth did not raise a challenge under the **Steckley** factors and therefore waived such a challenge on appeal.

counsel as a result of not being informed of the possibility of consecutive sentences. *See Persinger*, 615 A.2d at 1306.

We also disagree with the Commonwealth's second assertion that "neither a defective colloquy nor counsel's failure to object to same, alone, warrants withdrawal of the guilty plea." *See* Commonwealth's Brief at 31. In *Diehl*, the Court stated that the defendant's "lack of knowledge about his maximum sentencing exposure together with the fact that he was sentenced above the maximum exposure about which he was aware rendered his plea unknowing, involuntary and unintelligent. His plea constituted a manifest injustice." *See Diehl*, 61 A.3d at 271. The *Diehl* Court held that the defendant "was prejudiced by counsel's inaction." *Id.*

The Commonwealth's third contention, that Appellee never testified or offered evidence that he would not have entered an open guilty plea had he known of the potential full range of his sentence is also unsupported by the record. At the PCRA hearing, Appellee testified that he believed he would have received a lower sentence by entering an open guilty plea than if he accepted the Commonwealth's plea offer. *See* N.T. PCRA Hr'g, 5/1/18, at 36, 44-45. Appellee testified at the PCRA hearing that he was never informed of the possibility of consecutive sentences by entering an open guilty plea. *See id.* at 37.

With respect to the Commonwealth's fourth contention challenging Appellee's awareness of the possibility of consecutive sentences, as noted

above, the Commonwealth did not transmit the exhibit it cited to this Court as part of the certified record, and it was not included in the reproduced record. Therefore, we may not consider the two prison calls. *See* Pa.R.A.P. 1921.

We turn to the Commonwealth's fifth and last argument, which attempts to distinguish *Persinger*. Commonwealth's Brief at 34-35. First, the Commonwealth asserts that Appellee "never testified that he was unaware that the sentences could be consecutive or that he actually believed the sentences would run concurrently."[11] *Id.* at 34; *see* N.T. PCRA Hr'g, 5/1/18, at 44-45. Second, the Commonwealth points out that *Persinger* was decided when the law permitted courts to resolve claims of counsel's ineffectiveness on direct appeal. *Id.* at 35.

Initially, it is well settled that the holdings of *Persinger* and *Carter* apply in the PCRA context, including a first or subsequent PCRA petition. *See Diehl*, 61 A.3d at 266; *see also Allen*, 732 A.2d at 584. We therefore examine whether the facts of this case are more akin to *Carter* and *Allen*, in which no manifest injustice was found under the particular facts of those cases, or *Diehl*, in which this Court held the defendant established manifest injustice and that plea counsel was ineffective.

_____

[11] We resolved this assertion above when we noted Appellee testified as to his belief that he would receive a maximum sentence of twelve years in prison. *See* N.T. PCRA Hr'g, 5/1/18, at 36.

As in ***Diehl***, Appellee was unaware that his maximum sentencing exposure could be aggregated. ***See Diehl***, 61 A.3d at 271. Similar to ***Diehl***, the instant trial court sentenced Appellee to an aggregate sentence (ten to twenty years' imprisonment), which exceeded the fifteen years' imprisonment, which was the maximum exposure recited at this guilty plea hearing. ***See*** N.T. Guilty Plea Hr'g at 9-12; ***Diehl***, 61 A.3d at 271. To paraphrase the ***Diehl*** Court, Appellee was not informed by the Commonwealth, counsel, or the trial court "about the potential maximum penalty he faced by virtue of possible consecutive sentences." ***See Diehl***, 61 A.3d at 269. As the ***Diehl*** Court concluded, there are meritorious grounds upon which Attorney Risoldi should have moved to withdraw the plea. ***See id.*** at 271 (citing ***Persinger***, 615 A.2d at 1308).

Further, the facts of this case are unlike the facts of ***Allen*** or ***Carter***. Unlike the defendant in ***Allen***, Appellee never testified that he was **aware** he could have received consecutive sentences. ***See Allen***, 732 A.2d at 585-86. Similarly, Appellee, **unlike** the defendant in ***Carter***, received an aggregate sentence (ten to twenty years' imprisonment) that exceeded the maximum single-count sentence (fifteen years' imprisonment). Here, the record establishes that Appellee was aware of the statutory maximum imprisonment for each charge, but was unaware of the possibility of consecutive sentencing. ***See Diehl***, 61 A.3d at 269 (discussing ***Carter***, 656 A.2d at 466). Therefore, to the extent the Commonwealth has argued ***Persinger*** should not apply

because Appellee is pursuing collateral relief, our Courts have disagreed. ***See,*** ***e.g.***, ***Allen***, 732 A.2d at 588; ***Diehl***, 61 A.3d at 271. Accordingly, because the PCRA court's order is supported by the record and free from legal error, we affirm.[12] ***See Rivera***, 154 A.3d at 377; ***Grayson***, 212 A.3d at 1051.

Order affirmed. Commonwealth's application to amend brief granted.[13]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/20

_____

[12] As quoted above, we are aware of the ***Steckley*** Court's discussion of ***Lafler***. The Commonwealth did not cite, let alone discuss, ***Steckley*** or the prejudice that a defendant is required to establish in regards to accepting a plea offer. The Commonwealth's appellate argument is narrowly focused on whether Appellee established that "but for counsel's errors, he would not have pleaded guilty and **would have gone to trial**." Commonwealth's Brief at 35 (citation omitted and emphasis added). The Commonwealth did not argue any of the factors discussed by the ***Steckley*** Court. The Commonwealth limited its argument, as resolved above, to whether Appellee was aware or should have been aware that his sentences could be imposed consecutively.

[13] The Commonwealth filed its appellate brief with an incorrect cover page. We grant the Commonwealth's application to amend its brief to include a corrected cover page.